[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 15, 2007
THOMAS K. KAHN
CLERK

No. 07-12123
Non-Argument Calendar

_____

D. C. Docket No. 06-00517-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABINO GONZALEZ-SANTOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 15, 2007)**

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Gabino Gonzalez-Santos appeals the twenty-four month prison sentence

imposed by the district court after he pleaded guilty to transporting illegal aliens, in violation of 81 U.S.C. § 1324(a)(1)(A)(ii) and (B)(i), and illegal entry into the United States, in violation of 8 U.S.C. § 1325(a)(1). Gonzalez-Santos contends that his sentence was unreasonable in light of his unique circumstances and the 18 U.S.C. § 3553(a) factors.

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). Our review for reasonableness is deferential. United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006).

Unreasonableness may be procedural, such as occurs when the procedure the district court used does not meet the requirements found in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), or it may be substantive in nature. See United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). After Booker, a district court, in determining a reasonable sentence, must consider the correctly calculated advisory guideline range and the factors set forth in 18 U.S.C. § 3553(a). United States v. Valnor, 451 F.3d 744, 749 (11th Cir. 2006). After correctly calculating the advisory guideline range, the district court may impose a more severe or lenient sentence, so long as the resulting sentence is reasonable. Id. at 750. "[T]here is a range of reasonable sentences from which the district court

2

may choose[,]" and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Here, the district court correctly calculated the guidelines range and stated that it had considered the advisory nature of the guidelines and all of the § 3553(a) factors. That consideration is sufficient under Booker. See id. The record also shows that the court considered Gonzalez-Santos' arguments and his individual circumstances. Therefore, his sentence was not procedurally unreasonable.

As for substantive reasonableness, the record indicates that the district court considered Gonzalez-Santos' prior convictions, his conduct and profit-motive in the charged offenses, and his special circumstances. See 18 U.S.C. § 3553(a)(1)–(4). Because Gonzalez-Santos' sentence was within the guidelines range, we ordinarily would expect his sentence to be substantively reasonable. See Talley, 431 F.3d at 788. Gonzalez-Santos has not overcome that expectation. Finally, the district court noted Gonzalez-Santos' four DUI convictions, and stressed the need to protect the public and provide him with substance abuse treatment. In light of his role in the present offenses and his history of DUI convictions, we conclude that the sentence imposed by the district court, which was at the low end of the guidelines range, was substantively reasonable.

**AFFIRMED.**